J-S52031-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| LEON CHARLES TADYCH | : | |
| | : | |
| Appellant | : | No. 179 MDA 2017 |

Appeal from the PCRA Order December 29, 2016
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s):  CP-36-CR-0000471-2013,
CP-36-CR-0001604-2013

BEFORE:   GANTMAN, P.J., LAZARUS, J., and MUSMANNO, J.

JUDGMENT ORDER BY GANTMAN, P.J.:             **FILED AUGUST 25, 2017**

Appellant, Leon Charles Tadych, appeals *pro se* from the order of the Lancaster County Court of Common Pleas, which dismissed as untimely his *pro se* second petition filed under the Post Conviction Relief Act ("PCRA"), at 42 Pa.C.S.A. §§ 9541-9546.   On June 6, 2013, Appellant entered a negotiated guilty plea to statutory sexual assault, unlawful contact with a minor, intimidation of a witness, and three counts each of involuntary deviate sexual intercourse and corruption of minors.  The court immediately sentenced Appellant to 12 to 24 years' imprisonment, which included a mandatory minimum sentence of 10 years' imprisonment per 42 Pa.C.S.A. § 9718 (offenses against infant persons).  Appellant did not seek direct review. On February 4, 2014, Appellant filed his first PCRA petition, which was unsuccessful.

Appellant filed his second, current *pro se* PCRA petition on August 22, 2016, claiming, *inter alia*, for the first time that his sentence was illegal under ***Alleyne v. United States***, ___ U.S. ___, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013) and ***Commonwealth v. Wolfe***, ___ Pa. ___, 140 A.3d 651 (2016). The PCRA court appointed counsel, who filed a motion to withdraw and ***Turner/Finley***[1] no-merit letter on November 3, 2016. The PCRA court issued Rule 907 notice on November 23, 2016, permitted counsel to withdraw, and denied relief on December 29, 2016. Appellant timely filed a *pro se* notice of appeal on January 17, 2017. On January 23, 2017, the court ordered Appellant to file a concise statement per Pa.R.A.P. 1925(b). Appellant timely complied on February 9, 2017.

The timeliness of a PCRA petition is a jurisdictional requisite. ***Commonwealth v. Zeigler***, 148 A.3d 849 (Pa.Super. 2016). A PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). The statutory exceptions to the PCRA time-bar allow for very limited

---

[1] ***Commonwealth v. Turner***, 518 Pa. 491, 544 A.2d 927 (1988) and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

circumstances which excuse the late filing of a petition; a petitioner asserting a timeliness exception must file a petition within 60 days of when the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(1-2). When asserting the newly created constitutional right exception under Section 9545(b)(1)(iii), "a petitioner must prove that there is a 'new' constitutional right and that the right 'has been held' by that court to apply retroactively." **Commonwealth v. Chambers**, 35 A.3d 34, 41 (Pa.Super. 2011), *appeal denied*, 616 Pa. 625, 46 A.3d 715 (2012). Under the Section 9545(b)(1)(iii) exception, the 60-day rule runs from the filing date of the cited decision. **Commonwealth v. Secreti**, 134 A.3d 77, 80 (Pa.Super. 2016).

Instantly, Appellant's judgment of sentence became final on or about July 6, 2013, upon expiration of the 30 days for filing a direct appeal with this Court. **See** Pa.R.A.P. 903(a). Appellant filed the current *pro se* PCRA petition on August 22, 2016, which is patently untimely. **See** 42 Pa.C.S.A. § 9545(b)(1). Appellant attempts to invoke the "new constitutional right" exception, citing **Alleyne/Wolfe**; these cases do not serve as exceptions to the PCRA time-bar under these circumstances. **See Commonwealth v. Miller**, 102 A.3d 988 (Pa.Super. 2014) (holding that even if **Alleyne** announced new constitutional right, neither our Supreme Court nor United States Supreme Court has held **Alleyne** and its progeny apply retroactively, which is fatal to appellant's attempt to satisfy "new constitutional right" exception to timeliness requirements of PCRA). Therefore, Appellant's

petition remains time-barred, and the PCRA court lacked jurisdiction to review it.[2]  Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/25/2017

_____

[2]  Appellant baldly asserts the "governmental interference" statutory exception at Section 9545(b)(1)(i) excuses the untimeliness of his PCRA petition because the Pennsylvania legislature neglected its duty and passed Section 9718, which was unconstitutional.  Appellant cites no relevant law to support this proposition.  To the extent Appellant attempts to invoke the "new facts" statutory timeliness exception to the PCRA time bar at Section 9545(b)(1)(ii), the **Alleyne** decision and its Pennsylvania progeny do not constitute "new facts" under Section 9545(b)(1)(ii).  **See Commonwealth v. Watts**, 611 Pa. 80, 23 A.3d 980 (2011) (stating judicial determinations are not "facts" within meaning of Section 9545(b)(1)(ii)).  Appellant also avers he satisfied the 60-day rule because he filed the current PCRA petition within 60 days of the **Wolfe** decision; however, **Wolfe** did not announce a new constitutional right, and Appellant filed the current petition more than 60 days after **Alleyne**, which was decided on June 17, 2013.  Therefore, Appellant also failed the 60-day rule.  **See** 42 Pa.C.S.A. § 9545(b)(2); **Secreti, supra**.  Further, Appellant's ineffective assistance of prior counsel claims do not qualify as exceptions to the statutory timeliness requirement. **See Commonwealth v. Gamboa-Taylor**, 562 Pa. 70, 753 A.2d 780 (2000).

- 4 -